(5 App. Div. 587.)

SWIFT v. SWIFT.

(Supreme Court, Appellate Division, Third Department.  May 21, 1896.)

MUTUAL ACCOUNTS—EVIDENCE.
    In an action for labor and services, plaintiff, in order to avoid the statute of limitations, claimed a mutual account between himself and defendant.  Plaintiff's claim consisted of ten items amounting to $84.  Five items, amounting to $27, had not been made matters of account before the action.  One item, for $28, was for board of defendant's horse.  Defendant set up a counterclaim of $51 for a balance for merchandise sold plaintiff after deducting therefrom the item of $28 in plaintiff's claim for board of horse.  *Held*, that the evidence showed a credit to defendant to such an extent that a verdict for plaintiff could not be sustained.

Appeal from Albany county court.

Action by Charles H. Swift against William S. Swift to recover for labor and services.  From a judgment affirming a judgment of the justice's court in favor of plaintiff, defendant appeals.  Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

S. J. Daring, for appellant.
Smith O'Brien, for respondent.

MERWIN, J.  The plaintiff, in his complaint, alleged that the defendant was indebted to him "in the sum of $35, balance due plaintiff on an account running between the plaintiff and defendant for the past ten or twelve years, for labor and services and horse pasture, etc., over and above any set-off or counterclaim."  The defendant denied the complaint, set up the statute of limitations, and a counterclaim for goods sold and delivered and cash paid for plaintiff's benefit and at his request.  The plaintiff denied the counterclaim.  Each, upon demand of the other, filed a bill of particulars.  Only two items of the plaintiff's bill, amounting to $14, were within six years before the commencement of the action.  The recovery was for $25.12.  The plaintiff, in order to sustain his judgment, needs the benefit of section 386 of the Code of Civil Procedure, which provides that:

"In an action brought to recover a balance due upon a mutual open and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item, proved in the account on either side."

When the plaintiff rested, no mutual account had been shown.  The plaintiff claims that a question put by him calling for proof on this subject was ruled out by the justice, on the objection of the defendant.  If in this respect the court erred, the plaintiff cannot here take advantage of the error.  He does not appeal.  The plaintiff, however, claims that the proof on the part of the defendant supplied the deficiency.  The bill of particulars filed by the defendant consisted of four items.  None of these the plaintiff admitted.  As to three of the items, the evidence, as the plaintiff correctly claims, was not sufficient to charge the plaintiff.  The

fourth item was $51.26. The testimony of the defendant as to this item was that it was for merchandise sold to the plaintiff to go on to his place, and was the balance after deducting therefrom an item for $28, credited to plaintiff for board of horse, in pursuance of an understanding to that effect with plaintiff. This item of $28 is one of the items in plaintiff's bill of particulars, and accrued in 1884 and 1885. The arrangement for credit of this on the merchandise account is not denied by plaintiff. He says the merchandise was had by his mother. In the plaintiff's bill of particulars, there are ten items, amounting altogether to $84. There is no evidence to prove one of them, being $6, for stone had by defendant in 1881 or 1882. Three other items, amounting to $17, were for chattels borrowed by defendant in 1881 and 1882, and not returned. An item of $4 was for pears destroyed in 1891, by defendant's horses. These items were not made matter of account prior to the suit. The plaintiff, on his cross-examination, testifies as to his bill of particulars:

"At the times the matters occurred, I kept no book account of them. * * * There never was any understanding that any of his articles should be an offset for the use of mine. I have never credited him with anything I had of defendant. * * * Q. Did you present any bill to defendant? A. No; I presented no bill until mentioned in bill of items which are in court."

If the item of $51.26 for balance on merchandise is to be deemed proved in accordance with the testimony of defendant, the item of $28 in plaintiff's bill is accounted for, and the balance of $56 reduced to $4.74. Deducting the item of $6, for stone, not proved, and the balance is in favor of defendant. Besides, it is doubtful, at least, whether the items for chattels borrowed in 1881 and 1882 form any part of a current account, within the meaning of the statute. Green v. Ames, 14 N. Y. 233, 234; Becker v. Jones, 37 Hun, 37; Huebner v. Roosevelt, 6 Daly, 337; Perrine v. Hotchkiss, 2 Thomp. & C. 372. It seems to follow that the evidence which plaintiff needs in order to show a mutual account shows also a credit to defendant to such an extent that the verdict for plaintiff cannot be sustained.

Judgment of the county court and of the justice reversed, with costs in all the courts. All concur.